## WHITE, Collector of Internal Revenue, v. MADDISON.

### No. 2447.
Circuit Court of Appeals, First Circuit.

Nov. 26, 1930.

J. Duke Smith, Sp. Asst. to U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellant.

Burton E. Eames, of Boston, Mass. (R. Gaynor Wellings, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an action at law brought by the plaintiff against the collector of internal revenue to recover an amount of income taxes claimed to have been illegally exacted of him by the collector on December 15, 1925, in the sum of $3,311.54, with interest from the date of payment. The case was tried before the court upon an agreed statement of facts; a trial by jury having been waived in writing. Judgment was entered for the plaintiff, from which this appeal was taken.

The trial was had on November 13, 1929. On that day the defendant filed a motion for judgment. The motion at that time was denied; no exception was taken to the denial of the motion. On November 14 the court filed its opinion. November 22, 1929, the defendant filed and had allowed his bill of exceptions. In the bill of exceptions it appears that the defendant, in addition to its motion for judgment, filed a request for ruling, which was denied, reading as follows:

"The defendant requests the court to find as a matter of law that, where an individual on a calendar year basis reports for the year 1924 income from a partnership with a fiscal year ending in 1924, he is not entitled to the 25% reduction in tax provided by Section 1200(a) of Title 12 of the Revenue Act of 1924 with respect to his share of the partnership income applicable to the year 1923."

It also appears in the bill of exceptions that, during the trial, the plaintiff requested and was granted the following rulings: (1) That judgment be entered in his favor; (2) that he "is entitled to a reduction in tax to the extent of 25% of that portion of the tax on his share of the partnership income allocated to the calendar year 1923." No exception was taken to these rulings at the trial.

In the closing paragraph of the bill of exceptions, the defendant states that he is aggrieved by the ruling granting the plaintiff's requests and the refusal to grant his motion for judgment and request for ruling, and "now excepts to said rulings."

In the assignments of error the defendant complains that the court erred (1) in refusing to grant the defendant's motion for judgment; (2) in ordering and directing judgment for the plaintiff; (3) in ruling that the plaintiff is entitled to a reduction in tax to the extent of 25 per cent. of that portion of the tax on his share of the partnership income allocated to the calendar year 1923; and (4) in refusing to grant the defendant's request for ruling.

As no exceptions were taken at the trial by the defendant, either to the denial of his motion or request for ruling, or to the granting of the plaintiff's request, there is no basis for his assignments of error. Matters occur-

ring during the course of a trial, and which it is desired to have reviewed, must be excepted to at the time; otherwise there is no basis for a review. The case, however, has been argued as though the matters in question had been duly excepted to at the trial and are here so considered; no objection being raised.

It appears that the plaintiff, on March 15, 1925, filed with the defendant an individually joint income tax return for the calendar year 1924, and reported in the return an income from a partnership, of which he was a member, of $99,797.75, representing his share of the partnership profits for the fiscal year beginning October 1, 1923, and ending September 30, 1924. The total net income of the plaintiff for the calendar year 1924, including the $99,797.75 above set out, was $108,-887.88. Of the plaintiff's income distributable to him from the partnership in 1924, three-twelfths, or $24,949.44, was taxable at the 1923 rates, the tax thereon being $13,246.-15. Nine-twelfths, or $83,938.44, was taxable at the 1924 rates, and the tax thereon was $15,747.01. The total tax as determined by the Commissioner was $28,993.16, he having disallowed a deduction of $3,411.54 or 25 per cent. of the tax of $13,246.15, being the portion of the tax assessed at the 1923 rates. This disallowance the Commissioner determined as an additional tax, and the plaintiff paid it under protest December 15, 1925, and duly filed a claim for a refund, which was rejected.

The question is whether the 25 per cent. deduction prescribed by section 1200(a) of the Revenue Act of 1924 (43 Stat. 353) applies to that portion of the partnership income for the partnership fiscal year ending September 30, 1924, which accrued in the calendar year 1923, and which was required under the provisions of section 207(b), 26 USCA § 938(b), to be reported by the plaintiff in his return for the calendar year 1924. The District Court in discussing this question said:

"The Board of Tax Appeals ruled that only a taxpayer who had made return for the calendar year 1923 could take advantage of the credit or refund, and that as in the case before them the return was for another year [1924], no advantage of the credit or refund could be taken.

"It was the evident intention of Congress that any one who had paid taxes for the year 1923 should be entitled to a refund of 25 per cent. This being the evident intent of Con-

gress, it is not an inadmissible construction of section 1200(a), above cited, to hold that the inclusion in the tax return for 1924 of part of the partnership profits for 1923 was a 'return for the calendar year 1923.' "

Whether the reasoning of the court below was right or not, we agree with the conclusion it reached. It seems to us that the primary intention of Congress, under the provisions of section 1200(a), was that any one who paid taxes that accrued in the year 1923 should have a credit or refund thereon of 25 per cent.; and that any taxpayer making a return of taxes which included income that accrued in the calendar year 1923, though determinable in a later year for which the return was made, should be entitled to the credit or refund of 25 per cent. of the amount shown upon his return of income that accrued in the calendar year 1923. This intent is manifest when sections 1200(a) and 1201(a) and (b), 43 Stat. 353, 354, are made to read as follows:

"Sec. 1200(a) Any taxpayer making return, for [income accruing in] the calendar year 1923 [though determinable in a later year], of the taxes imposed by Parts I and II of Title II of the Revenue Act of 1921 shall be entitled to an allowance by credit or refund of 25 per centum of the amount shown as the tax upon his return."

"Sec. 1201(a) Any taxpayer making return, for [income accruing in] a period beginning in 1922 and ending in 1923, of the taxes imposed by Parts I and II of Title II of the Revenue Act of 1921, shall be entitled to an allowance by credit or refund of 25 per centum of the same proportion of his tax for such period (determined under the law applicable to the calendar year 1923 and at the rates for such year) which the portion of such period falling within the calendar year 1923 is of the entire period.

"(b) Any taxpayer making return, for [income accruing in] a period beginning in 1923 and ending in 1924, of the taxes imposed by Parts I and II of Title II of this Act, shall be entitled to an allowance by credit or refund of 25 per centum of the same proportion of a tax for such period (determined under the law applicable to the calendar year 1923 and at the rates for such year) which the portion of such period falling within the calendar year 1923 is of the entire period."

Congress apparently intended the provisions of section 1200(a) should be the complement of the provisions of 1201(a) and (b),

and this intention is effected when they are interpreted as above outlined.

The judgment of the District Court is affirmed.